**HACKNEY v. FAHS, Collector of Internal Revenue.**

Civ. No. 768–J.

District Court, S. D. Florida, Jacksonville Division.

Oct. 24, 1945.

Cushman S. Radebaugh, of Orlando, Fla., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Paul S. McMahon, Sp. Assts. to Atty. Gen., Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Arthur A. Simpson, Asst. U. S. Atty., of Jacksonville, Fla., for defendant.

DE VANE, District Judge.

This is an action brought by the executor of the estate of Leonard J. Hackney, to recover estate taxes in the sum of $10,140.01, with interest, paid by the executor to the Collector of Internal Revenue, as a result of an additional assessment of federal estate taxes. After the payment of the taxes a claim for refund was filed and rejected, whereupon this suit was instituted.

Leonard J. Hackney died testate, a resident of Winter Park, Florida, on the 2d day of October, 1938, at the age of 83 years. He was survived by his wife, Ida L. Hackney, and two sons, Roscoe J. Hackney of Memphis, Tennessee, and Robert B. Hackney, of Plant City, Florida.

On or about December 21, 1937, Leonard J. Hackney transferred certain property as gifts to his wife and two sons. The transfers were, therefore, made approximately ten months before decedent's death.

The executor, filing the federal estate tax return, did not include these gifts as part of the taxable estate of the decedent, but the Commissioner of Internal Revenue, upon subsequent audit of the return, did include the gifts and assessed the tax thereon.

The gifts to the various donees were valued as follows by the Commissioner of Internal Revenue in his audit and additional assessment:

(a) Income-producing stocks and bonds to Ida L. Hackney, wife of the decedent, valued at $38,811.13.

(b) Lot adjoining the decedent's home, to Roscoe J. Hackney, valued at $7,500.

(c) Trust for Robert B. Hackney, income-producing property in Winter Park, Florida, of the value of $15,000, and a home in Plant City, Florida, occupied by Robert B. Hackney, of the value of $3,500.

On or before March 15, 1938, Leonard J. Hackney filed with the Collector of Internal Revenue, at Jacksonville, Florida, a gift tax return, listing the above gifts, and after claiming the appropriate gift tax exemptions, paid the tax shown due on said return.

The sole issue involved in this case is whether or not the above-recited gifts were transfers made in contemplation of death within the meaning of Section 302(c) of the Revenue Act of 1926, as amended by the Revenue Act of 1932, § 803(a), 26 U. S.C.A.Int.Rev.Acts, page 228.

The controlling statute, Chapter 209, § 803, 47 Stat. 169, provides that any transfer of a material part of a decedent's property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to the death of said decedent, without consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death, within the meaning of the statute and subject to estate taxes. Therefore, the question before the Court narrows to the issue whether plaintiff has overcome the presumption created by the statute.

The decedent was a lawyer; had at one time been a member of the Supreme Court of Indiana, and later was General Counsel for the Big Four Railroad, with headquarters at Cincinnati, Ohio. At the time the gifts here in controversy were made he was in retirement, living in Winter Park, Florida, where he continued to live until his death.

With this distinguished background it may be assumed that the decedent had some knowledge of estate tax laws and at his age would not attempt to make gifts to members of his family which he knew were in violation of such laws. The only cogent reason assigned for making the gifts in question, other than the one to his son, Roscoe, was to cut down income taxes. This cogent reason has been recognized and approved by the Board of Tax Appeals in several cases; the latest called to the Court's attention being White, Executor, v. Commissioner, 21 B.T.A. 500. The reason assigned for the gift to Roscoe was to induce him to build a home on the property, and move to Florida, which he did not do.

Frankness prompts this Court to state that it has endeavored to sustain these gifts on these grounds, but the record will not sustain that finding.

Decedent had always provided for his wife and until the gift of stocks was made to her she had no individual income. The trust created for the son, Robert, was for his maintenance and support. Moreover, the transfer for the benefit of son, Robert, was a conditional trust and not an outright and unconditional gift. The property conveyed to son, Roscoe, though outright and unconditional, was not income-producing property and did not operate to reduce income taxes.

The question whether or not gifts were made in contemplation of death depends upon the particular facts and circumstances in each case, and the age of the decedent is not in and of itself sufficient to foreclose the parties from overcoming the presumption created by the statute. The saving of income taxes, on the gifts made to the wife and son, Robert, standing alone in this case is not sufficient to overcome the statutory presumption. The reason assigned for the gift to the son, Roscoe, is less cogent. These reasons had existed for several years and the record fails to show any change in 1937 justifying the gifts. It should be noted that all of the transfers were made on the same day, and it had not been the practice of the decedent to make gifts to members of his family.

The Court holds that the proof in this case fails to overcome the statutory presumption and for that reason the suit to recover the additional levy of estate taxes must fail.

Counsel for the Government will prepare proposed Findings of Fact and Conclusions of Law in conformity with this Memorandum Opinion and submit copies thereof to counsel for plaintiff, who may file objections thereto with the Court and they may submit additional proposed Findings of Fact and Conclusions of Law, which they desire the Court to make in this case.